No. 00-216

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 374N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

ERIC BEDWELL,

Defendant and Appellant.

APPEAL FROM: District Court of the Eighth Judicial District,

In and for the County of Cascade,

The Honorable Thomas M. McKittrick, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Lawrence LaFountain, Attorney at Law, Great Falls, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; Tammy K. Plubell,

Assistant Attorney General, Helena, Montana

Brant S. Light, Cascade County Attorney; Michael Rausch, Deputy

County Attorney, Great Falls, Montana

Submitted on Briefs: August 24, 2000
Decided: December 28, 2000

Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Appellant Eric Bedwell (Bedwell) pled guilty to burglary and felony theft and reserved his right to appeal the District Court's order allowing the State to file charges against him in District Court rather than transmitting his case to youth court for disposition. On February 8, 2000, the District Court sentenced Bedwell to a five-year commitment to the Department of Corrections, with all time suspended for both convictions. On March 7, 2000, Bedwell filed a notice of appeal. We affirm.

¶3 On appeal, Bedwell contends that the District Court erred when it failed to transfer his case to youth court. The State contends that this question is not properly before this Court since Bedwell did not comply with Rule 4(c), M.R.App.P., which requires that he specifically appeal from the order allowing the case to proceed in District Court. Rule 4(c), M.R.App.P., provides as follows:

> The notice of appeal shall specify the party or parties taking the appeal; and shall designate the judgment, order or part thereof appealed from.

¶4 Bedwell's notice of appeal states that he is appealing "from the guilty verdict entered in this action on the 18th day of February, 2000." The State points out that the only order entered in February of 2000 was the order imposing Bedwell's sentence following his entry of guilty pleas. The District Court's order allowing the matter to proceed in District Court rather than youth court was entered October 2, 1999, and that order is not referenced in the Notice of Appeal. Bedwell has not filed a reply to the State's contention that he failed to comply with Rule 4(c), M.R.App.P.

¶5 We addressed this issue in State v. Spotted Blanket, 1998 MT 59, 288 Mont. 126, 955 P.2d 1347. Spotted Blanket, a juvenile, filed a motion to dismiss the charges against him in district court for lack of jurisdiction. The district court denied his motion to dismiss in May of 1997. In June of 1997 Spotted Blanket filed a notice of appeal in which he stated that he was appealing from the Court's May 15, 1997, order. On appeal, Spotted Blanket raised an issue that had not been argued in his motion to dismiss, that is, that the district court erred in allowing his case to be transferred from youth court to district court. In declining to consider the issue, we stated:

> Spotted Blanket's notice of appeal was limited to the District Court's order denying his May 15, 1997 motion to dismiss for lack of jurisdiction. This motion addressed and argued only the matter which Spotted Blanket now raises on appeal under his third issue, not the propriety of the transfer of his case from Youth Court to District Court. The record reflects that Spotted Blanket has not filed a notice of appeal from any order transferring his case from the Youth Court to the District Court. Rule 4(c), M.R.App.P., requires that the notice of appeal "shall designate the judgment, order or part thereof appealed from." We will not consider an appeal from an order not designated in the notice of appeal.

*Spotted Blanket, ¶ 12.*

¶6 Like Spotted Blanket, Bedwell failed to appeal from the District Court's order transferring his case from youth court to District Court as required by Rule 4(c), M.R.App. P. Accordingly, Bedwell's appeal from the District Court's refusal to transfer this matter to youth court is dismissed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ KARLA M. GRAY

/S/ TERRY N. TRIEWEILER